**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scottsdale Gas Company LLC, | No. CV-19-05291-PHX-SPL |
| Plaintiff, | **TEMPORARY RESTRAINING ORDER** |
| v. | |
| Tesoro Refining & Marketing Company LLC, et al., | |
| Defendants. | |

The Court has reviewed Plaintiff Scottsdale Gas Company LLC's (the "Plaintiff") Application for Temporary Restraining Order Without Notice and Preliminary Injunction, wherein the Plaintiff alleges that Defendants Tesoro Refining & Marketing Company LLC and Treasure Franchise Company LLC (together, the "Defendants") have employed illegal and improper acts to terminate a gasoline supply contract with Plaintiff. (Doc. 10)

**I.     Legal Standard and Discussion**

A request for a TRO is analyzed under the same standards as a request for a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (emphasis omitted); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted) ("A preliminary injunction is an extraordinary remedy never awarded as of right").

"A plaintiff seeking a preliminary injunction must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. "But if a plaintiff can only show that there are 'serious questions going to the merits'— a lesser showing than likelihood of success on the merits— then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Under this serious questions variant of the *Winter* test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez*, 680 F.3d at 1072.

Plaintiff's allegations that Defendants have sought to retrieve gasoline through illegal means and prevent Plaintiff from processing credit card transactions leads the Court to find that Plaintiff is likely to suffer irreparable harm in the absence of a temporary restraining order pending a hearing on the merits of a preliminary injunction. The allegations in the complaint demonstrate that Plaintiff has a strong likelihood of success on the merits of its claims under the Petroleum Marketing Practices Act, and a balance of the equities in this case clearly tips in favor of maintaining the status quo for Plaintiff's operating business. Finally, the Court finds that a temporary restraining order would protect the public interest by maintaining the status quo until a preliminary injunction hearing can be held. Accordingly,

**IT IS ORDERED** that Plaintiff's Application for Temporary Restraining Order Without Notice and Preliminary Injunction (Doc. 10) is **granted**.

**IT IS FURTHER ORDERED** that Defendants Tesoro Refining & Marketing Company LLC and Treasure Franchise Company LLC are prohibited from (i) terminating the Contractor Dealer Gasoline Agreement dated June 12, 2006; (ii) acting on any reversionary leasehold interest in the premises located at 10809 North Frank Lloyd Wright Blvd. in Scottsdale, Arizona; (iii) taking any extrajudicial actions affecting Plaintiff or its

ability to operate a retail store and gas station at 10809 North Frank Lloyd Wright Blvd. in Scottsdale, Arizona; and (iv) causing any agents, employees or contractors of Defendants from entering onto the premises located at 10809 North Frank Lloyd Wright Blvd. in Scottsdale, Arizona, except for performing acts in the ordinary course of business.

**IT IS FURTHER ORDERED** that Defendants Tesoro Refining & Marketing Company LLC and Treasure Franchise Company LLC shall continue their relationship with Plaintiff as supplier of gasoline and with respect to the processing of credit cards in the same manner as before Defendants sought to terminate the Contractor Dealer Gasoline Agreement dated June 12, 2006.

**IT IS FURTHER ORDERED** that Defendants Tesoro Refining & Marketing Company LLC and Treasure Franchise Company LLC must file a response to Plaintiff's Application for Temporary Restraining Order Without Notice and Preliminary Injunction (Doc. 10) no later than **5:00 p.m. on Tuesday, October 8, 2019**.

**IT IS FURTHER ORDERED** setting a hearing on Plaintiff's Application for Temporary Restraining Order Without Notice and Preliminary Injunction (Doc. 10) on Thursday, **October 10, 2019 at 1:30 p.m.**, before the Honorable Judge Steven P. Logan, United States District Judge, in the Sandra Day O'Connor United States Courthouse, located at 401 West Washington Street, Phoenix, Arizona 85003, 5th Floor, Courtroom 501.

Dated this 4th day of October, 2019.

Honorable Steven P. Logan
United States District Judge