**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scottsdale Gas Company LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>Tesoro Refining & Marketing Company LLC, et al.,<br><br>        Defendants. | No. CV-19-05291-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendants' Motion for a Writ of Restitution Returning Premises to Defendants and Evicting Plaintiff (Doc. 31), Plaintiff's Response (Doc. 40), and Defendants' Reply (Doc. 44). Additionally, before the Court is Defendants' Motion to Construe Their Motion for Writ of Execution as a Motion for Partial Summary Judgment (Doc. 49), Plaintiff's Response (Doc. 50), and Defendants' Reply (Doc. 51).[1] For the following reasons, both motions will be denied.

**I.     Background**

Plaintiff operates a retail convenience store and gas station located in Scottsdale, Arizona (the "Property"). (Doc. 1 at 1) In 2013, Defendant Treasure assigned its leasehold interest in the Property to Plaintiff. (Doc. 1 at 2) On September 30, 2019, Plaintiff filed the Complaint, alleging breach of contract and violations of the Petroleum Marketing Practices

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motions suitable for decision without oral argument. *See* LRCiv. 7.2(f); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

Act, 15 U.S.C. §§ 2801-07. (Doc. 1) Defendants filed an Answer and Counterclaim on October 23, 2019. (Doc. 18) On December 11, 2019, Defendants filed an amended Counterclaim, alleging claims for breach of contract, breach of the duty of good faith and fair dealing, declaratory judgment, forcible entry and detainer, and injunctive relief. (Doc. 26) On February 12, 2020, Defendants filed a motion requesting the Court to issue a temporary restraining order without notice and a preliminary injunction. (Doc. 30) Defendants argued that Plaintiff had violated the parties' agreement by changing the signage and selling off-branded gasoline at the Property. (Doc. 30) The Court denied both requests. (Docs. 32, 37) Also on February 12, 2020, Defendants filed the Motion for a Writ of Restitution Returning Premises to Defendants and Evicting Plaintiff. (Doc. 31) On May 5, 2020, Defendants filed a motion for substitute of counsel. (Doc. 48) The new counsel then filed the Motion to Construe the Motion for Writ of Execution as a Motion for Partial Summary Judgment on June 3, 2020. (Doc. 49) The Court addresses each motion in turn.

**II.    Legal Standard**

Under Arizona law, a writ of restitution may be issued only after the entry of judgment finding a party guilty of forcible detainer. A.R.S. § 12-1178(A). Forcible detainer occurs when a landlord makes a written demand to deliver possession of the property and the person occupying the property refuses. A.R.S. § 12-1173. Arizona forcible detainer statutes "apply only when the parties have a landlord-tenant relationship." *United Effort Plan Tr. v. Holm*, 101 P.3d 641, 645 (Ariz. Ct. App. 2004). In a forcible detainer action, if the underlying landlord-tenant relationship is disputed, that dispute must first be resolved in a general civil action. *Colonial Tri-City Ltd. P'ship v. Ben Franklin Stores, Inc.*, 880 P.2d 648, 653 (Ariz. Ct. App. 1993).

**III.    Discussion**

    **A.    Motion for Writ of Restitution**

Defendants assert that they are entitled to possession of the Property pursuant to Arizona Revised Statute ("A.R.S.") § 12-1178(A) because Plaintiff has committed a material breach of the lease assignment agreement. (Doc. 31 at 2-4) Defendants argue that

Plaintiff's recent action of selling off-branded gasoline at the Property is "unequivocally violative of the reasonable and material provisions of the franchise agreement between the parties, putting Defendants' right to evict [Plaintiff] beyond dispute." (Doc. 31 at 4) Defendants argue that the Court must find Plaintiff guilty of forcible entry and detainer and issue a writ of restitution to return possession of the Property back to Defendants. (Doc. 31 at 6)

In response, Plaintiff argues that Defendants are not entitled to possession of the property. (Doc. 40 at 2) Plaintiff further argues that Defendants' motion is premature because issues of legal entitlement to the property and terms of the parties' agreement are all interrelated issues at the core of this case. (Doc. 40 at 2-5)

Here, Defendants do not assert to be in a landlord-tenant relationship with Plaintiff. To the contrary, the parties agree that non-party National Retail Properties LP is the landlord of the property. (Docs. 1 at 1-2; 26 at 8) Therefore, Defendants are not entitled to a writ of restitution pursuant to A.R.S. § 12-1178(A). *United Effort Plan Tr.,* 101 P.3d at 645 (Arizona forcible detainer statutes "apply only when the parties have a landlord-tenant relationship.").

### B.     Motion for Partial Summary Judgment

On June 3, 2020, Defendants submitted a second motion requesting the Court treat their Motion for Writ of Restitution as one for partial summary judgment. (Doc. 49) Defendants request that the Court use its inherent authority under Federal Rule of Civil Procedure 56(e) and (f) to decide their arguments under a summary judgment standard and consider additional supplemental legal authority. (Doc. 49 at 1) Specifically, Defendants concede that the parties do not have a landlord-tenant relationship, and request that the Court consider Defendants' arguments under A.R.S. §§ 12-1251(A) and -1255(B). (Doc. 49 at 2-3) Plaintiff opposes Defendants' request and argues that the Motion for Writ of Restitution does not comply with the motion for summary judgment requirements found in Federal Rule of Civil Procedure 56(c) and Local Rule 56.1. (Doc. 50 at 2)

The dispositive motion deadline in this case ended on March 17, 2020. (Doc. 25)

Here, Defendants are asking the Court to consider a new dispositive motion based on a different legal theory. In addition, Defendants are effectively asking the Court to amend the Countercomplaint and disregard their allegation of entitlement to the Property pursuant to A.R.S. § 12-1171. (Doc. 26 at 7-9) In its discretion, the Court declines to consider the new arguments raised by Defendants.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Writ of Restitution (Doc. 31) and Motion to Construe Their Motion for Writ of Execution as a Motion for Partial Summary Judgment (Doc. 49) are **denied**.

Dated this 25th day of June, 2020.

Honorable Steven P. Logan
United States District Judge