**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scottsdale Gas Company LLC,<br><br>　　　　　Plaintiff,<br>vs.<br><br>Tesoro Refining & Marketing Company LLC,<br><br>　　　　　Defendant. | No. CV-19-05291-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendants Tesoro Refining & Marketing Company LLC and Treasure Franchise Company, LLC's Amended Motion for Costs and Attorneys' Fees. (Doc. 108) The Amended Motion has been fully briefed. (Docs. 112, 114) The Court is also in receipt of Defendants' unredacted Exhibit 5 to the Amended Motion which it has reviewed *in camera*. Defendants request attorneys' fees in the amount of $267,886.00 and costs in the amount of $411.45 pursuant to the Petroleum Marketing Practices Act ("PMPA") 15 U.S.C.A. § 2805(d)(3) and the Assignment of Leasehold. (Doc. 108 at 3) For the reasons set forth below, the Motion is granted as modified.[1]

**I.　BACKGROUND**

Plaintiff, a motor fuel station franchisee, originally filed suit on September 30, 2019, claiming Defendants, who together form a motor fuel franchisor, had improperly

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

terminated the franchise relationship under the PMPA. (Doc. 1) They also asserted a common law breach of contract claim. (Doc. 1 at 10) Plaintiff sought a permanent injunction preventing Defendants from terminating the franchise agreement and claiming a reversionary right to the leasehold interest in the premises at issue, as well as exemplary damages under the PMPA, and attorneys' fees and costs. (Doc. 1 at 12)

Defendants filed a counterclaim on December 11, 2019, asserting their own breach of contract claim, a breach of the duty of good faith and fair dealing, a declaratory judgment, and forcible entry and detainer. (Doc. 26) Defendants also sought a declaratory judgment against Plaintiff, a finding that Plaintiff was guilty of forcible entry, and an injunction on Plaintiff's occupation of the premises, and attorneys' fees and costs. (Doc 26 at 11) There were no dispositive motions filed, although Defendants attempted to convert a motion for writ of execution to a motion for partial summary judgment after the dispositive motion deadline passed. (Doc. 49) The Court denied the request due to its tardiness. (Doc. 53)

This Court ruled in favor of Defendants after a bench trial, finding Plaintiff (1) did not bring a valid PMPA claim and (2) breached its contractual obligations to Defendants. (Doc. 86) The Court ordered Plaintiff to vacate the premises at issue. (Doc. 87) Defendants' counsel moved for attorney fees on May 6, 2021, seeking $281,510.00 in reasonable fees and $411.45 in expenses. (Doc. 94 at 15) Later, Defendants filed an Amended Motion seeking $$267,886.00 in fees and the same amount in expenses. (Doc. 108 at 3)

## II. <u>LEGAL STANDARDS</u>

This case concerned multiple issues. Some were based on the PMPA, and some were based on the agreements between the parties. (Doc. 86 at 11–15) The operative agreement was the Assignment of Leasehold. (Doc. 86 at 13, Plaintiff's Exhibit 5)

### A. PMPA

The PMPA states courts may direct a franchisee to pay the reasonable attorney fees of a franchisor if the court finds the franchisee's action to be frivolous. 15 U.S.C. § 2805(d)(3). The Ninth Circuit has held a "frivolous" action is one that "is both baseless

and made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990); *Rodriguez v. United States*, 542 F.3d 704, 709 (9th Cir. 2008) ("[A] frivolous case is one that is groundless… with little prospect of success."). When evaluating whether a PMPA claim is "frivolous," the Ninth Circuit has looked to see if the claim raised an issue calling for substantial statutory interpretation. *See Lindner v. Mobil Oil Corp.*, No. CV–89–00304, 1992 WL 223739 at *2 (9th Cir. 1992); *Chevron U.S.A. Inc. v. M & M Petroleum Servs., Inc.*, 658 F.3d 948, 953 (9th Cir. 2011) (affirming district court's finding of frivolousness when a franchisee knew franchisor had "clear-cut and overwhelming grounds for terminating the dealer agreements"). "The key question in assessing frivolousness is whether a complaint states an arguable claim—not whether the pleader is correct in his perception of the law." *Poquez v. Suncor Holdings--COPII, LLC*, No. 11-00328 SC, 2011 WL 4404067, at *1 (N.D. Cal. Sept. 20, 2011) (quoting *Hudson v. Moore Bus. Forms, Inc.*, 836 F.2d 1156, 1159 (9th Cir. 1987)).

### B. Contract

An award of attorneys' fees to a litigant in federal court is proper if based on a contract, an applicable statute, a finding that the losing party acted in bad faith, or other exceptional circumstances. *Sea-Land Serv., Inc. v. Murrey & Son's Co. Inc.*, 824 F.2d 740, 744 (9th Cir. 1987). The Ninth Circuit has also held the assignment of attorneys' fees based on a provision in a contractual agreement is enforceable. *Stitt v. Williams*, 919 F.2d 516, 529 (9th Cir. 1990) (holding that the provision was enforceable because it "plainly authorizes the recovery"). "When parties bind themselves by a lawful contract, the terms of which are clear and unambiguous, a court must give effect to the contract as written." *Grosvenor Holdings, L.C. v. Figueroa*, 222 Ariz. 588, 593, 218 P.3d 1045, 1050 (Ct. App. 2009).

### C. Reasonable Fees and Costs

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983). This calculation is known as

the "lodestar method" and it provides an objective basis on which to make an initial estimate of the value of an attorney's services. *Id.* The party requesting the fees must submit evidence supporting the reasonableness of the hours worked and the rates claimed. *Id.* "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.*

## III. DISCUSSION

Plaintiff argues that because it is impossible to distinguish the fees incurred defending the PMPA claims from the fees incurred pursuing the counterclaims under the Assignment of Leasehold, the Court cannot award Defendants any fees. (Doc. 112 at 2–3)

As discussed below, Defendants are entitled to a fee award under both the PMPA and the Assignment of Leasehold. *See infra* III.A–B. Furthermore, the PMPA claims and Assignment of Leasehold counterclaims are based on the same set of issues the Court resolved after the bench trial. (Doc. 86 at 11–15) "When 'claims are so interrelated that identical or substantially overlapping discovery would occur, there is no sound reason to deny recovery of such legal fees.'" *Design Trend Int'l Interiors, Ltd. v. Cathay Enterprises, Inc.*, 103 F. Supp. 3d 1051, 1065 (D. Ariz. 2015) (citing *Zeagler v. Buckley*, 223 Ariz. 37, 39 (Ct. App. 2009) (when claims are indistinguishable the court may award fees for both claims even if, in other circumstances, recovery would not be permitted for one of the claims)). Under this doctrine, the Court need not make separate determinations for the awards of attorneys' fees for Plaintiff's initial claims under the PMPA, and Defendants' common law counterclaims under the Assignment of Leasehold.

### A. Justification under the PMPA

Defendants argue they are entitled to attorneys' fees under the PMPA because Plaintiff's claim was frivolous. (Doc. 108 at 6) Plaintiff contends its initial action under the PMPA was not frivolous because the Court did not find it frivolous in its ruling and because the Court "heard and rejected two separate dispositive motions by Defendants…." (Doc. 112 at 2) Plaintiff argues if its claims were meritless, those rejections would not have occurred. (Doc. 112 at 2)

First, Plaintiff is mistaken in its interpretation of the Ninth Circuit standard for a frivolous action under the PMPA. See *Lindner*, 1992 WL 223739 at *2. The Court's rulings on the motions preceding trial in no way analyzed the question of whether Plaintiff's initial claim raised an issue that calls for "substantial statutory interpretation [of the PMPA]." *Lindner*, 1992 WL 223739 at *2. In fact, neither of the Court's orders denying the two motions by Defendants addressed the merits of Plaintiff's claims at all. (Docs. 37, 53). The first Order addressed Defendants' Motion for Preliminary Injunction and stated Defendants failed to provide enough information to evaluate the merits of the claim and denied the motion because Defendants failed to meet their burden. (Doc. 37 at 3–4) The second Order denied Defendants' Motion for a Writ of Restitution and Motion to Construe Their Motion for Writ of Execution as a Motion for Partial Summary Judgment on procedural grounds. (Doc. 53 at 3–4) The Court found (1) the motion for a writ of restitution was premature before a judgment was entered, and (2) the motion to construe was procedurally improper due to being filed after the dispositive motion deadline. (Doc. 53 at 3–4)

While Plaintiff is correct that an ultimate finding for the Defendants on the merits does not indicate the claim was frivolous *per se*, the remainder of the record indicates Plaintiff's claim was frivolous per § 2805(d)(3). Plaintiff's initial claim was that Defendants wrongfully terminated the agreement because the majority of times Plaintiff failed to pay rent occurred outside the 120-day window provided by the PMPA. (Doc. 1 at 7) However, this Court found Defendants rightfully terminated the agreement under 15 U.S.C. § 2804 because Plaintiff breached the terms of the agreement three times within the 120-day window. (Doc. 86 at 10) In its initial complaint, Plaintiff asserted these failures to pay rent did not justify termination because they were an implicitly accepted practice but cited no legal authority to support this proposition. (Doc. 1 at 9) It is the Court's understanding that no such case law exists in the Ninth Circuit. Plaintiff also did not dispute that Defendants met the remaining requirements under § 2804(a)(2) to provide adequate notice. (Doc. 1 at 7-10) It also became apparent during trial that Plaintiff's signatory did not read the franchise agreements before signing, meaning he was unaware of the terms.

Although Plaintiff may not have *liked* Defendant's efforts to terminate the agreement based on Plaintiff's own breaches, it was abundantly clear to this Court that the efforts were within the bounds of the agreements.

As a result, the Court finds Plaintiff's initial claim was without legal justification and made without a reasonable inquiry into the requirements of the PMPA. Without any justification under the PMPA, Plaintiff's case had no prospect of success and thus was frivolous. *Rodriguez*, 542 F.3d at 709 (9th Cir. 2008) (defining "frivolous"). Applying the PMPA as written, this Court found for Defendants. (Doc. 86 at 12) This case resembles previous Ninth Circuit cases in which the Court found frivolousness because here there were "clear-cut and overwhelming grounds for terminating the dealer agreements." *Chevron U.S.A. Inc.*, 658 F.3d at 953. Thus, it cannot be said Plaintiff "raised an issue that calls for substantial statutory interpretation." *See Lindner*, 1992 WL 223739 at *2. The Court thus awards reasonable attorneys' fees required to defend against the PMPA claim to Defendants under § 2805(d)(3).

## B. Justification under the Assignment of Leasehold

Defendants argue that under the Assignment of Leasehold, they are entitled to all attorneys' fees incurred "to accomplish the reversion or to otherwise enforce [Defendants'] rights[.]" (Doc. 108 at 10) Plaintiff argues Defendants are not entitled to these fees because it is impossible to differentiate between them and the remainder of the legal services Defendants' counsel provided. (Doc. 112 at 2–3) This argument is not a valid reason to deny a fee request, particularly because the Court found Defendants entitled to fees under the PMPA. *See supra* III.A.

The Court has stated that the Assignment of Leasehold shall be enforced as written. (Doc. 86 at 14) The Assignment of Leasehold calls for the franchisee to pay the reasonable attorneys' fees and expenses in plain language. (Plaintiff's Exhibit 5, § 7) This provision closely resembles similar provisions for attorneys' fees that the Ninth Circuit has upheld. *Compare* (Plaintiff's Exhibit 5, § 7) ("Assignee shall reimburse Assignor upon demand for any costs and expenses, including without limitation attorneys' fees, for any efforts taken

by Assignor… to accomplish the reversion or to otherwise enforce Assignor's rights hereunder.") *with Stitt*, 919 F.2d at 529 ("In any action between the parties to enforce any of the terms of this Agreement or of any other contract relating to the Partnership... the prevailing party shall be entitled to recover expenses, including reasonable attorney's fees."). Since a contract is one of the valid means of an award of attorneys' fees to a litigant in federal court, and this Court is enforcing the contract as written, including the fee provision, Defendants are entitled to all attorneys' fees, expenses, and costs associated with accomplishing the reversion and enforcing its rights under the contract in this Court. *See Sea-Land Serv., Inc.*, 824 F.2d at 744 (listing the valid reasons to award attorneys' fees in federal court).

In examining the fee log submitted by Defendants, the Court was unable to determine which time was spent on the PMPA issues and which was spent on the Assignment of Leasehold issues. However, because the Court finds Defendants are entitled to fees under the PMPA as well, differentiation is unnecessary. *See supra* III.A. Therefore, the Court will award attorneys' fees for time spent on both types of claims.

To the extent Plaintiff makes arguments about losing its business and the disparity of power between the parties, the Court finds them unavailing in the context of this fee analysis. (Doc. 112 at 3)

### C. Reasonableness of Attorneys' Fees

Having found Defendants are entitled to attorneys' fees associated with certain issues, it is up to the Court to determine whether the fees requested are reasonable using the "lodestar" calculation, which calls for multiplying the number of hours reasonably spent by the reasonable hourly rate. *Hensley*, 461 U.S. at 433.

"The prevailing market rate in the community [in which the lawsuit was filed] is indicative of a reasonable hourly rate. The fee applicant has the burden of producing satisfactory evidence … that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Orman v. Cent. Loan Admin. & Reporting*, No. CV-19-04756-PHX-DWL, 2020 WL

919302, at *2 (D. Ariz. Feb. 26, 2020), *reconsideration denied*, No. CV-19-04756-PHX-DWL, 2020 WL 1236333 (D. Ariz. Mar. 13, 2020) (quoting *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987)). *See also Innovative Sports Mgmt. Inc. v. Singh*, No. CV-18-02211-PHX-MTL, 2020 WL 3574582, at *2 (D. Ariz. July 1, 2020). Earlier this year, this Court found, after a survey of recent caselaw, "the prevailing hourly rate for experienced litigators in the District of Arizona is between $300 and $350 an hour.*" Barrio v. Gisa Invs. LLC*, No. CV-20-00991-PHX-SPL, 2021 WL 1947507, at *2 (D. Ariz. May 14, 2021) (citing *J & J Sports Prods. Inc. v. Patel*, No. CV1600234TUCRMBPV, 2018 WL 1609731, at *4 (D. Ariz. Apr. 3, 2018); *Bray v. Maxwell & Morgan PC*, No. CV-17-00486-PHX-DGC, 2017 WL 5668269, at *2 (D. Ariz. Nov. 27, 2017); *Brooke v. A-Ventures, LLC*, No. 2:17-cv-2868-HRH, 2017 WL 5624941, at *6-7 (D. Ariz. Nov. 22, 2017); *Wood v. Betlach*, No. CV12-08098-PCT-DGC, 2017 WL 1398552, at *8 (D. Ariz. Apr. 19, 2017); *O'Neal v. America's Best Tire LLC*, No. CV-16-00056-PHX-DGC, 2017 WL 1311670, at *3-4 (D. Ariz. Apr. 5, 2017)).

In support of their motion for fees, Defendants submitted affidavits from all attorneys who worked on the case, an excerpt from the Arizona Attorney September 2019 Magazine, the demand for payment, and attorney time and task records. (Docs. 108, 108-1, 108-2, 108-3, 108-4, 108-5, 108-7, 108-8) Three attorneys and one paralegal spent a total of 885.8 hours on Defendants' case, over a period of a little more than a year. (Docs. 108-1 at 4; 108-2 at 3; 108-3 at 4; 108-4 at 3) Specifically, attorney Amy M. Johnston billed 305.7 hours at an average rate of $355/hr. (Doc. 108-1 at ¶¶6,8) Attorney Michael C. Simoni billed 464.2 hours at an average rate of $292.65/hr. (Doc. 108-2 at ¶¶4,6) Attorney Joel C. Bryant billed 48.8 hours at an average rate of $255/hr. (Doc. 108-3 at ¶¶4,6) Paralegal M. Khalid Hanifi billed 67.1 hours at an average rate of $165/hr. (Doc. 108-4 at ¶¶4–5)

Here the hourly rates are not contested. Mr. Simon and Mr. Bryant's rates are below average for the community. (Docs. 108-2 at ¶4; 108-3 at ¶4) Ms. Johnston's hourly rate is just over the average at $5 more an hour. (Doc. 108-1 at ¶6) She has been practicing law

8

for more than 25 years. (Doc. 108-1 at ¶3) Given that more experienced attorneys are entitled to charge more, and that this Court has found hourly rates greater than $350 to be reasonable, the Court will not reduce Ms. Johnston's rate. *See Barrio*, 2021 WL 1947507 at *2 (citing *Lexington Ins. Co. v. Scott Homes Multifamily Inc.*, No. CV-12-02119-PHX-JAT, 2016 WL 5118316, at *15 (D. Ariz. Sept. 21, 2016)).

In *Barrio*, the Court also contemplated reasonableness of paralegal hourly rates. 2021 WL 1947507 at *3. The reasonable paralegal rate in this community is typically between $100 and $150. *Id.* (citing *Tiffany C. Tyner, Plaintiff, v. Comm'r of Soc. Sec. Admin., Defendant.*, No. CV 19-489-TUC-LAB, 2021 WL 1895254, at *1 (D. Ariz. May 11, 2021); *Martinez v. Alltran Fin. LP*, No. CV-18-04815-PHX-DLR, 2021 WL 1017229, at *2 (D. Ariz. Mar. 17, 2021); *BoxNic Anstalt v. Gallerie degli Uffizi*, No. CV-18-1263-PHX-DGC, 2020 WL 2991561, at *2 (D. Ariz. June 4, 2020)). Mr. Hanifi's rate is $15 above the typical rate. (Doc. 108-4 at ¶4) In *BoxNic*, the Court reduced paralegal hourly rates from $170 to $150. 2020 WL 2991561 at *2. This Court will follow suit and reduce Mr. Hanifi's rate from $165 to $150. Mr. Hanifi logged 67.1 hours. At his higher rate, the fees from 67.1 hours total $11,071.50. At the reduced rate, the fees total $10,065. The difference for the reduced rate is $1,006.50.

Turning to hours expended, the Court finds they are mostly reasonable. However, the Court finds some of the tasks billed to be unreasonably duplicative. Three attorneys staffed the case, which is not in and of itself unreasonable, however, the Court found several instances in which all three attorneys worked to draft and edit a single filing, or researched a single issue, resulting in an inordinate amount of time expended. *See Tahara v. Matson Terminals, Inc.*, 511 F.3d 950, 956 (9th Cir. 2007) (bills for duplicative work may be reduced at the trial court's discretion); *see also Moshir v. Automobili Lamborghini Am. LLC*, 927 F. Supp. 2d 789, 800 (D. Ariz. 2013) (finding hours two attorneys spent on the same task "duplicative"). Therefore, the Court will not allow Defendants to recover fees three times for the same task when all three attorneys included it in their fee logs.

The Court will deduct $7,954.44 for duplicative tasks billed.

Next, attorneys' fees are not awarded for clerical tasks. They should be "subsumed in firm overhead rather than billed at paralegal rates." *McNamara v. Infusion Software, Inc.*, No. CV-17-04026-PHX-SPL, 2020 WL 4921984, at *3 (D. Ariz. Aug. 21, 2020) (quoting *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009)). However, this Court has allowed parties to collect fees for clerical tasks when billed at an administrative assistant rate. *J & J Sports Prods. Inc. v. Patel*, No. CV1600234TUCRMBPV, 2018 WL 1609731, at *6 (D. Ariz. Apr. 3, 2018). Unfortunately for Defendants, there was no administrative assistant rate provided here. The Court will not allow Defendants to recover the clerical tasks at an attorney or paralegal rate.

Clerical tasks may include "filing and scheduling, calendaring activities, and bates labeling documents." *eMove Inc. v. SMD Software Inc.*, No. CV-10-02052-PHX-JRG, 2012 WL 4856276, at *7 (D. Ariz. Oct. 11, 2012), *aff'd*, 569 F. App'x 527 (9th Cir. 2014). Here, several time entries refer to the preparation of exhibits for trial, as well as coordinating with court staff. These are clerical tasks for which Defendants may not bill. Furthermore, when time entries are block billed and contain both clerical and nonclerical tasks, the Court must cut the entire entry. *Hensley*, 461 U.S. at 433. ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly.")

The Court will deduct $4,893 for clerical tasks performed and billed by an attorney and a paralegal.

### D. Costs

As stated above, Defendants are entitled to expenses and costs under the Assignment of Leasehold. (Plaintiff's Exhibit 5 § 7) Plaintiff makes no argument as to the reasonableness or unreasonableness of the costs submitted. The Court awards Defendants their costs in full, pursuant to the Assignment of Leasehold.

### IV. **CONCLUSION**

The sum of the deductions for duplicative tasks and clerical work is $12,847.44. *See*

*supra* III.C. The reduced hourly rate for Paralegal Hanifi results in another deduction of $1,006.50. *See supra* III.C. This results in a total deduction of $13,853.94. Therefore, Defendants are entitled to $254,032.06 in attorneys' fees. Defendants are also entitled to full costs. *See supra* III.D.

Accordingly,

**IT IS ORDERED** that Defendants Tesoro Refining & Marketing Company LLC and Treasure Franchise Company, LLC's Amended Motion for Costs and Attorneys' Fees (Doc. 108) is **granted as modified**:

I. Defendants are awarded **$254,032.06 in reasonable attorneys' fees** under 15 U.S.C.A. § 2805(d)(3) and pursuant to the Assignment of Leasehold.

II. Defendants are awarded **$411.45 in reasonable costs** pursuant to the Assignment of Leasehold.

Dated this 9th day of July, 2021.

Honorable Steven P. Logan
United States District Judge